Dallas W. Jolley
Attorney at Law
4707 South Junett St., Suite B
Tacoma, WA 98409
Office (253) 761-8970
Fax (253) 761-7910

**The Honorable Judge Snyder**
**Chapter 13**

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No.: 12-46601-PBS |
| THOMAS TAYLOR, and RAQUEL TAYLOR | Adversary Number: |
| Debtors. | CHAPTER 13 |
| | COMPLAINT TO VOID AND STRIP LIEN FROM RECORDED TITLE AND DETERMINATION OF LACK OF SECURED STATUS |
| THOMAS TAYLOR, and RAQUEL TAYLOR, | |
| Plaintiffs, | |
| v. | |
| GREEN TREE SERVICING, d.b.a./a.k.a/f.k.a. BANK OF AMERICA, N.A. | |
| Defendants. | |

Plaintiffs in the above captioned chapter 13 bankruptcy, through her attorney, Dallas W. Jolley, Jr., bring this action against the Defendant, and allege and state:

COMPLAINT TO VOID AND STRIP LIEN
FROM RECORDED TITLE AND DETERMINATION
OF LACK OF SECURED STATUS
PAGE 1 of 4

## I. JURISDICTION AND VENUE

1.1 This Court has jurisdiction over the adversary proceeding pursuant to the provisions of 28 U.S.C. §§ 157 and 1134. The adversary proceeding is a core proceeding, within the meaning of 28 U.S.C. § 157(b)(2), in that it concerns claims and matters arising out of the administration of this bankruptcy case and the rights duly established under Title 11 of the United States Code.

1.2 Venue is proper because this bankruptcy case was filed in the Western District of Washington, the debtors reside in Pierce County, WA and the transaction in question took place in Pierce County, WA.

## II. PARTIES

2.1 **PLAINTIFFS** Thomas and Raquel Taylor ("Plaintiffs" or "Debtors") in case number 12-46601-PBS is pending in United States Bankruptcy Court for the Western District of Washington (the "chapter 13 case"). The Debtor's real property is commonly described as: 1807 39th St. SE, Puyallup Washington 98372. The Pierce County Assessor Tax Description Reads:

> Section 36 Township 20 Range 04 Quarter 31 CRYSTAL RIDGE DIVISION IIA: CRYSTAL RIDGE DIVISION IIA NE OF SW 36-20-04E L 13 EASE OF REC APPROX 10,849 SQ FT OUT OF 3-002 & 602089-038-0 SEG E-0716 NF 042993 NF

2.2 **DEFENDANT** is Green Tree Servicing, who purchased, acquired interest, or is doing business for Bank of America, N.A. ("Defendant" or "Creditor") has a security interest in the plaintiff's residence that is secured by a consensual lien in the second position.

COMPLAINT TO VOID AND STRIP LIEN
FROM RECORDED TITLE AND DETERMINATION
OF LACK OF SECURED STATUS
PAGE 2 of 4

The Defendant Green Tree Servicing has its corporate office Located at 345 St. Peter Street, St. Paul, MN 55102. Bank of America, N.A. has its corporate headquarters located at: Bank of America Corporate Center, 100 North Tryon Street, Charlotte, North Carolina, 28202.

### III. FACTUAL ALLEGATIONS

3.1    The plaintiff's interest on real property is subject to a first lien arising out of a mortgage in favor of Bank of America, account number xxxx5005, with secured interest in the amount of $258,808 owing on the note, in the first position deed of trust, which is superior to all other consensual and non-consensual security interests.

3.2    The Defendant has second position mortgage in the amount of $30,398.00.

3.3    The Pierce County Assessor has given the property a 2013 Taxable Assessed Value of $222,700. See Exhibit A: Pierce County Assessor's Value/Tax History.

3.4    The Value of the property securing the Defendant's claim is less than the value of the property securing the 1st deed of trust in the amount of $36,108, considering the Pierce County Assessor Value.

Pursuant to 11 U.S.C. 506(a), the Defendant cannot have an allowed secured claim as there is no equity to which its lien could attach. Therefore, the defendant's lien may be stripped from the record title and converted to a general non-priority unsecured claim. To prevent modification, a lien holder must be a holder of a secured claim rather than merely a holder of a security interest in order to be protected from a modification under 11 U.S.C. § 1332(b)(2). In this case the defendant is merely a holder of a security interest and the holder of a claim that is not supported by the estate of the property. *In re Lam v. Investors Thrift*, 211 B.R. 36 (Bank.r. 9th Cir. 1997), this lien may be treated as unsecured and it may be stripped from the record title.

## IV. PRAYER FOR RELIEF

THEREFORE, Plaintiff prays for judgment as follows:

4.1 For entry of a judgment that strips the Defendant's second position Deed of Trust from the record title upon the completion of the Debtors' Chapter 13 Plan, and permission for the Plaintiff to record such Order.

4.2 For disallowance of any secured claim to the Defendant for its Deed of Trust, but allowance for it as a general unsecured claim.

4.3 For such other and further relief as may be just an equitable under the circumstances.

Dated this 29th Day of October 2012

/s/ Dallas W. Jolley

Dallas W. Jolley WSBA# 22957
Attorney for Debtor
4707 South Junett Street, Suite B
Tacoma, WA 98409
Tel. (253) 761-8970 FAX (253) 761-7910